```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LISA LAMBERTY,                                   :
                                                 :
                       Plaintiff,                :
                                                 :         MEMORANDUM & ORDER
               v.                                :         18-CV-6976 (WFK)
                                                 :
COMMISSIONER OF SOCIAL SECURITY,                 :
                                                 :
                       Defendant.                :
-------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** Lisa Lamberty ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff and Defendant both move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 11, 13. Defendant's motion is **GRANTED**, and the Court **AFFIRMS** the determination of the Social Security Administration.

## PROCEDURAL HISTORY

On April 8, 2015 Plaintiff filed applications for DIB and SSI, alleging a disability onset date of November 24, 2014. Administrative Record ("Tr.") at 209–19, ECF No. 15. Her claims were denied, *id.* at 131–46, and Plaintiff requested an administrative hearing, *id.* at 147–49. A hearing was held on June 19, 2017 before Administrative Law Judge ("ALJ") Seth I. Grossman. *Id.* at 55–114. Plaintiff provided testimony along with Dr. Henry Urbaniak, medical expert ("ME") and Christine Boardman, vocational expert ("VE"). *Id.* at 56; Mem. of Law in Supp. of Def. Cross-Mot. for J. on the Pleadings at 12–13, ECF No. 14 ("Def. Mem."). In a decision dated November 13, 2017 ALJ Grossman determined Plaintiff was not under a disability. *Id.* at 33–44. Plaintiff requested review by the Appeals Council, which was denied on October 3, 2018. *Id.* at 1–5. This was the Commissioner's final act.

## STATEMENT OF FACTS

The evidence in this case is undisputed, and the Court adopts Defendant's factual recitation.  Def. Mem. at 2–13.

## STANDARD OF REVIEW

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the Court's function is not to evaluate *de novo* whether the claimant has a disability but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision."  *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g).  Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation omitted).  The reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated."  *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

The Commissioner, not the courts, "weigh[s] the conflicting evidence in the record" and resolves such conflicts.  *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).  "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence."  *Calzada v. Asture*, 753 F. Supp. 2d 250, 268–69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted).  To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his ultimate decision rests" and must "address all pertinent evidence."  *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

## DISCUSSION

### I. Determination of Disability

#### A. Applicable Law to Determine DIB and SSI Eligibility

"To be eligible for disability insurance benefits, an applicant must be 'insured for disability insurance benefits.'" *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (quoting 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1)). Generally, an applicant must apply for benefits during the period in which she satisfies these earning requirements. *Hartfiel v. Apfel*, 192 F. Supp. 2d 41, 42 n.1 (W.D.N.Y. 2001) (Larimer, J.). If the applicant does not apply for benefits during this period, she may still obtain benefits if she has been under a continuous period of disability that began when she was eligible to receive benefits. *Id.*

For purposes of both DIB and SSI, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

To evaluate a disability claim, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. §§ 404.1520, 416.920. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the second step is to determine whether the claimant has a "severe medically determinable physical

3

or mental impairment." *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the fifth and final step is to determine whether the claimant can perform any job based on his or her RFC and vocational considerations—work experience, age, and education. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The claimant bears the burden of proving the first four steps, at which point the burden shifts to the Commissioner at the fifth step. *Rosa v. Callahan*, 168 F.3d 72, 77–78 (2d Cir. 1999).

### A. Applicable Standards to Evaluate the Evidence

In making a disability determination, "[t]he ALJ will consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, 13-CV-3285, 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (Brodie, J.) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370–71 (2d Cir. 2012) (summary order)). When there is conflicting evidence in the record, courts defer to the ALJ's resolution of those conflicts. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). Every medical opinion received will be evaluated, and an ALJ generally should "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of medical source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1). "There is no requirement that the agency accept the opinion of a consultative

examiner concerning a claimant's limitations." *Pellam v. Astrue*, 508 F. App'x 87, 89–90 (2d Cir. 2013) (summary order). Moreover, the ALJ need not seek additional information "where there are no obvious gaps in the administrative record." *Rosa*, 168 F.3d at 79 n.5.

The ALJ must follow specific procedures in determining the appropriate weight to assign a treating physician's opinion. *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019). The ALJ must first decide whether the treating physician's opinion regarding a claimant's impairment is entitled to "controlling weight." 20 C.F.R. § 404.1527(c)(2). Generally, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess*, 537 F.3d at 128 (quoting 20 C.F.R. § 404.1527(c)(2)).

If the ALJ concludes the treating physician's opinion is not entitled to controlling weight, it must next determine how much weight, if any, to give the opinion. *Estrella*, 925 F.3d at 95. In doing so, the ALJ "must 'explicitly consider'" certain factors set forth in *Burgess*, 537 F.3d 117, including: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist. *Estrella*, 925 F.3d at 95–96 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam)). Moreover, the ALJ must "give good reasons in [its] notice of determination or decision for the weight [it gives the] treating source's [medical] opinion." *Id.* (internal quotation marks omitted) (alterations in original). If the ALJ believes there are inconsistencies in a treating physician's reports or diagnosis, the ALJ "bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly." *Rosa*, 168 F.3d at 79.

5

The failure to apply "explicitly" the above factors when assigning weight to a treating source opinion constitutes procedural error on the part of the ALJ. *Estrella*, 925 F.3d at 96 (citing *Selian*, 708 F.3d at 419–20). Should the ALJ commit such procedural error, the district court must consider whether the ALJ has otherwise provided "good reasons" for its weight assignment. *Id.*; *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). If "a searching review of the record" assures the reviewing court "the substance of the treating physician rule was not traversed," the court will affirm. *Halloran*, 362 F.3d at 32. On the other hand, remand is appropriate "when the Commissioner has not provided 'good reasons' for the weight given to a treating physician[']s opinion" and the Court cannot conclude the procedural error was harmless. *Id.* at 33.

B. **The ALJ's Decision**

On November 13, 2017, the ALJ issued a decision following the five-step procedure and denied Plaintiff's claim. Tr. at 33–44. First, the ALJ determined Plaintiff did not engage in substantial gainful activity since November 24, 2014, her alleged onset date.[1] *Id.* at 35. Second, he found Plaintiff had severe impairments of bilateral carpal tunnel syndrome, status post left carpal tunnel surgery, status post arthroscopy of a labral tear in the right hip, and degenerative disc disease in the cervical and lumbar spines. *Id.* at 36. Third, the ALJ found, after review of the record, Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in Appendix 1 of 20 C.F.R. Part 404, Subpart P, specifically considering Listings 1.02 and 1.04. *Id.* at 37. The ALJ determined Plaintiff had the RFC to perform sedentary work[2] with the following conditions: Plaintiff can only occasionally finger, handle, lift,

---

[1] The ALJ also determined Plaintiff met the insured status requirements through December 31, 2019. Tr. at 35.
[2] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a

6

and carry with her left hand and can frequently do so with her right dominant hand. *Id.* at 38. At the fourth step, the ALJ determined Plaintiff was not capable of performing any past relevant work. *Id.* at 42. Fifth, the ALJ determined there are jobs that exist in significant numbers in the national economy Plaintiff can perform. *Id.* at 43. Based on the testimony of the vocational expert, the ALJ concluded Plaintiff was capable of working as a surveillance system monitor or call out operator. *Id.* The ALJ therefore concluded Plaintiff was not under a disability. *Id.* at 43–44.

## II. The ALJ's Determination is Supported by Substantial Evidence

Plaintiff argues ALJ Grossman's determination was not supported by substantial evidence. Mem. of Law in Supp. of Pl. Mot. for J. on the Pleadings at 8–9, ECF No. 12 ("Pl. Mem."). Plaintiff takes the position ALJ Grossman violated the "treating physician rule" by failing to accord controlling weight to Dr. Sharon and Dr. Durden, relying on 20 C.F.R. § 404.1527(c)(2). *Id.* at 9–12. Plaintiff further argues the RFC set forth by the ALJ was not supported by substantial evidence, as the RFC did not account for Plaintiff's alleged inability to stoop. *Id.* at 13. The Court finds these arguments meritless and addresses each in turn.

### A. The Treating Physician Rule Was Not Traversed

The record contains the reports of two of Plaintiff's treating physicians, Dr. Cheri Durden, Tr. at 408, 465–67, and Dr. Idan Sharon, *id.* at 429–30. After discussing the medical evidence presented, ALJ Grossman concluded, "[a]lthough Dr. Durden is the claimant's treating physician, the medical records and diagnostic images do not support these extreme limitations. For similar reasons, [t]he opinion by Dr. Idan Sharon that the claimant cannot sit for more than two hours is also not supported." *Id.* at 41 (internal citation omitted). "[T]he opinion of a

---

certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran*, 362 F.3d at 32.

After determining the treating physician's conclusions were not "well-supported" by the medical evidence, ALJ Grossman was required to explicitly consider the *Burgess* factors. 20 C.F.R. § 404.1527(c)(2); *see also Estrella*, 925 F.3d at 95–96. While the ALJ discussed Plaintiff's treatments by the various doctors since March 6, 2014, Tr. at 39–42, the opinion is lacking in detail regarding the frequency, length, nature, and extent of treatment by Dr. Durden and Dr. Sharon. This failure constitutes procedural error on the part of ALJ Grossman. *Estrella*, 925 F.3d at 96. However, after a thorough review of the record the Court is satisfied the treating physician rule was not traversed. *See Halloran*, 362 F.3d at 32.

ALJ Grossman appropriately evaluated the treating physicians' conclusions by examining the medical record as a whole. His determination the treating physicians' opinions were not supported by the medical evidence is a "good reason" to discount their conclusions. *See Estrella*, 925 F.3d at 96. Doctors Durden and Sharon's determinations of total disability, Tr. at 408, 465–67, 429–30, were contradicted by consultative examiner Dr. Ram Ravi, *id.* at 440–44, and examining medical expert Dr. Henry Urbaniak, *id.* at 63–64, 90–101. Dr. Urbaniak, an orthopedic specialist, opined the objective medical evidence in the record, including the diagnostic MRIs, showed only mild issues, which were "not corroborated by any serious findings." *Id.* at 92–93. ALJ Grossman was entitled to rely on Dr. Urbaniak's interpretation of the medical evidence as a basis to find the treating physicians' conclusions were not consistent with the objective treatment records. 20 C.F.R. § 404.1527(c)(2); Tr. at 41–42. Though the "ALJ cannot arbitrarily substitute his own judgment for competent medical opinion," *Balsamo v.*

8

*Chater*, 142 F.3d 75, 81 (2d Cir. 1998), the ALJ is entitled to weigh the conflicting evidence in the record and resolve any resulting conflicts, *Clark*, 143 F.3d at 118.  Here, ALJ Grossman appropriately relied on Dr. Urbaniak's interpretation of the objective medical evidence to determine the objective evidence did not support the conclusions of Plaintiff's treating physicians.  Good reasons support the ALJ's determination "[t]here is thus a lack of sufficient objective [*sic*] by which to find that the claimant cannot do at least sedentary work.  The opinions to the contrary are simply not supported."  Tr. at 42.

### B.  The ALJ's RFC Determination Was Supported by Substantial Evidence

The opinions of consultative physicians may constitute substantial evidence in support of an ALJ's disability determination.  *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (summary order); *Monguer v. Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983).  The testimony of a medical expert may also constitute substantial evidence when it is "consistent with the objective medical evidence in the record."  *Heagney-O'Hara v. Comm'r of Soc. Sec.*, 646 F. App'x 123, 126 (2d Cir. 2016) (summary order).

Here, the record contains a report from consultative orthopedic surgeon, Dr. Thomas Nipper, Tr. at 376–79 (consulting for the purposes of workers' compensation), a consultative physician, Dr. Ram Ravi, *id.* at 440–44, and testimony from examining medical expert, Dr. Henry Urbaniak, *id.* at 63–64, 90–101.  After examining Plaintiff, Dr. Nipper opined Plaintiff was capable of working without limitation.  *Id.* at 378.  Dr. Ravi also examined Plaintiff and concluded:

> [T]he claimant has no limitations to sitting.  She has mild limitations to standing, walking, bending, pushing, pulling, lifting, carrying, and overhead activities.  She is limited from activities requiring fine manipulation.  She should avoid driving, squatting, and climbing stairs due to her neck pain, back pain, right hip pain, and bilateral hand/wrist pain as depicted above.

9

*Id.* at 443.  Similarly, after examining Plaintiff and reviewing the record, Dr. Urbaniak determined the objective MRI findings were not particularly significant and his examination of Plaintiff  was within normal limits.  *Id.* at 93.  Dr. Urbaniak concluded there were no objective findings Plaintiff was limited in her ability to sit for extended periods of time.  *Id.* at 100–01.  None of Dr. Nipper, Dr. Ravi nor Dr. Urbaniak assessed any limitations on Plaintiff's ability to stoop.

      The ALJ assigned "some weight" to the opinion of Dr. Nipper, finding the diagnostic images and later opinion evidence showed Plaintiff was limited to sedentary work.  *Id.* at 40.  He assigned "good weight" to Dr. Ravi's opinion as Dr. Urbaniak had indicated Dr. Ravi's opinion was supported by the treatment records.  *Id.* at 41–42.  However, the ALJ rejected the portions of Dr. Ravi's report limiting Plaintiff's hand movement as Plaintiff had declined to be tested and the medical opinion evidence showed her condition improved after her carpal tunnel surgery.  *Id.* at 41.  The ALJ's RFC determination is consistent with the objectively supported conclusions of Dr. Nipper and Dr. Ravi, finding Plaintiff can work in a sedentary capacity and can only occasionally finger, handle, lift, and carry with her left hand, and can frequently do so with her right dominant hand.  *Id.* at 38.  ALJ Grossman was not obligated to directly address Plaintiff's ability to stoop, as he set forth the crucial factors with sufficient specificity "to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Calzada*, 753 F. Supp. 2d at 269 (quotations and internal alterations omitted).  Accordingly, the opinions and testimony of Dr. Nipper, Dr. Ravi, and Dr. Urbaniak, constitute substantial evidence in support of the ALJ's RFC determination.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for judgment on the pleadings, ECF No. 13, is GRANTED and Plaintiff's motion for judgment on the pleadings, ECF No. 11, is DENIED.  The Court hereby AFFIRMS the decision of the Social Security Administration.

**SO ORDERED.**

      s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2020
      Brooklyn, New York